UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY OTT,<br><br>          Plaintiff,<br><br>     vs.<br><br>RAUL LOPEZ, et al.,<br><br>          Defendants. | CASE No. CV 11-04291 PSG (RZ)<br><br>MEMORANDUM AND ORDER DISMISSING INITIAL COMPLAINT WITH LEAVE TO AMEND |

        The Court will dismiss the initial complaint in this civil rights action for failure to state a claim. Plaintiff believes that prison employees commit a freestanding federal civil rights violation when they allegedly screen out his prison administrative grievances improperly. They do not. Because it is possible that Plaintiff could amend to state a valid claim, the Court will grant him leave to attempt to do so.

        The Court must screen all complaints, including Plaintiff's, brought *in forma pauperis*. *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (*per curiam*); 28 U.S.C. § 1915(e)(2) (screening of *in forma pauperis* actions generally). The law requires this Court to "dismiss the case if at any time it determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Gregory Ott, the *pro se* and *in forma pauperis* plaintiff, is a state inmate. Although the original problem underlying this action is not made clear in the body of the complaint, the exhibits and prayer for relief suggest that Plaintiff (a) has an ongoing prescription for special footwear and eyeglasses, or otherwise is being deprived of certain property, but (b) alleges that prison officials are not (re)supplying such items. But Plaintiff does not quite allege improper and deliberately indifferent denial of those items. Instead, Plaintiff's sole claim is for *improper administrative denials of grievances* that he filed seeking the items. *See* Comp. at 5.

At least three problems prompt this dismissal order. First, the right that Plaintiff invokes does not exist, at least not in the sense he believes. Prisoners do not enjoy any constitutional right to a particular kind of grievance procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). It is true that federal law generally requires prisoners to exhaust all available administrative remedies before filing suit. 42 U.S.C. § 1997e(a). But if prison officials improperly frustrate a prisoner's efforts to exhaust administrative remedies, then the improper actions do not give rise to a new, independent federal civil rights claim. *See Ramirez*. Instead, such an improper rejection may permit the prisoner to proceed to court anyway, with the need for formal exhaustion excused by the employees' misconduct. *See, e.g.*, *Sapp v. Kimbrell*, 623 F.3d 813, 822-24 (9th Cir. 2010). Of course, a prison-employee defendant may move to dismiss the prisoner's lawsuit for failure to exhaust in-prison remedies. If the prisoner, in opposing such a motion, submits persuasive evidence about the prison's improper efforts to prevent exhaustion, then the court may deny the defendant's dismissal motion. *See id.* at 822-23. But *Sapp* and similar cases involve a prisoner's response to a dismissal motion; they do not create or recognize a free-standing cause of action for improper grievance-rejection. For this reason, Plaintiff cannot validly target any defendant, including claims reviewers Engler, Vela and Javaux, for rejecting his grievances and appeals.

Second, Plaintiff targets all of the other four defendants not because they personally harmed him (or ordered someone else to do so) but simply because they were

"ultimately responsible to see that" Plaintiff's rights were not violated by others under their organizational supervision. Plaintiffs alleging civil rights violations by public officials often add those officials' superiors as defendants, as Plaintiff has done here by suing two wardens (Defendants Lopez and Gonzalez), a chief medical officer (Greenman) and the head of the entire state prison system (Cate). But such supervisory officials are not liable vicariously for a constitutional deprivation committed by their subordinates, unless (1) the supervisor personally participated in the deprivation or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Jeffers v. Gomez*, 267 F.3d 895, 915-16 (9th Cir. 2001). Even if these four defendants were "ultimately responsible" for ensuring Plaintiff's receipt of the property at issue, and even if they failed, that alone is not a federal civil rights violation.

        Third, Plaintiff implies in passing, in paragraph 6 of his Prayer, that he has suffered "retaliatory acts" at the hands of "the defendants" in response to his unsuccessful efforts to exhaust grievances related to his medical and other property. This states no valid claim for multiple reasons.[1] He does not say what the acts were or who committed them. Moreover, he does not *allege* anything about retaliation; all he has done is to include

---

[1] Retaliation by a state actor for the exercise of a constitutional right may be actionable under 42 U.S.C. § 1983 even if the act, when taken for different reasons, would have been proper. *See Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 283-84, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977) (addressing retaliation for exercise of free-speech rights). A plaintiff asserting such a claim must plead and prove at least three elements:
    1.    He took a constitutionally-protected action;
    2.    Defendants thereafter took adverse action against Plaintiff; and
    3.    Defendants did not intend to advance any legitimate goal.
If the plaintiff proves the foregoing elements, then Defendants may seek to show, by a preponderance of the evidence, that their adverse action was, in fact, narrowly tailored in the pursuit of a legitimate objective. *See generally Bell v. Wolfish*, 441 U.S. 520, 538-39, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979); *Bruce v. Ylst*, 351 F.3d 1283, 1288-89 (9th Cir. 2003); *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *Hines v. Gomez*, 108 F.3d 265, 267-69 (9th Cir. 1997) (noting prisoner's First Amendment right to file grievance claims without fear of retaliation); *see also Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (slightly different formulation for prison context). The Ninth Circuit appears to have repudiated any prior requirement that a prisoner-plaintiff suffer any "actual chill" due to the defendants' retaliation. *See id*. at 568-70.

rhetorical reference to retaliation in the prayer. Allegations should appear in the body of the complaint in support of each claim for relief.

Based on the foregoing, the initial complaint hereby is DISMISSED, and leave to amend is granted. More specifically, Plaintiff has three options:

(1) **Plaintiff may pursue this action further** by filing an original and one copy of a pleading captioned as his First Amended Complaint (1AC), bearing the current case number, within 30 days of the filing date of this Order. To withstand another dismissal, the 1AC must correct the deficiencies identified in this Order and must comply with the Federal Rules of Civil Procedure and this Court's Local Rules. The 1AC must be complete in itself and must not refer to any prior version of the complaint. *The Court admonishes Plaintiff not to include allegations or claims already included in his other active lawsuit in this District*, Ott v. Vela, *No. CV 11-3963 PSG (RZ)*.

(2) **Plaintiff may file a "Notice of Intent Not to Amend Complaint" within 30 days** of the filing date of this Order. If Plaintiff timely files such a Notice, then the undersigned will recommend to the assigned District Judge that this action be dismissed, freeing Plaintiff to appeal the dismissal on the grounds cited above. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063-66 (9th Cir. 2004).

(3) **Plaintiff may do nothing** in response to this Order. If Plaintiff does not file a document pursuant to either option 1 or 2 above within the 30-day deadline, then the Court shall deem him to have consented to dismissal of this action for failure to prosecute and for failure to comply with this Order. *See id.*

///
///
///
///
///
///

**The Court cautions Plaintiff that if he fails to file a timely amended complaint or otherwise fails to comply substantially with the terms of this Order, then this action may be dismissed.**

IT IS SO ORDERED.

DATED: January 20, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE